

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

INNOVATIVE SPORTS MANAGEMENT, INC.,
a New Jersey Corporation, d/b/a
INTEGRATED SPORTS MEDIA
           Plaintiff,

v.                         Civil Action No.: 1:13CV1378 JCC/JFA

PERUVIAN RESTAURANTS, INC., a
Virginia Corporation, d/b/a
EL RANCHO

<u>Serve on</u>:
Hernan De Los Reyes
Registered Agent for Peruvian Restaurants, Inc.
6959 Hechinger Drive
Springfield, Virginia 22151

AND

JOHN DOE,
           Defendants.

## COMPLAINT

Plaintiff, INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA, by and through its undersigned attorneys, THE MCCANN LAW FIRM, PLLC, sues the Defendants, PERUVIAN RESTAURANTS, INC., d/b/a EL RANCHO, and/or JOHN DOE, and for cause says:

### Jurisdiction

1. This action arises under Section 705 of the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605.

2. Jurisdiction in this Court is proper under 28 U.S.C. §1331.

3. Venue in this Court is proper under 28 U.S.C. §1391(b) as these claims arose in

this district.

## Parties

4. The Plaintiff, INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA ("ISM") is a corporation organized and existing under the laws of the State of California, with its principal office and place of business located in Hoboken, New Jersey.

5. The Defendants, PERUVIAN RESTAURANTS, INC. ("Peruvian"), doing business as EL RANCHO ("El Rancho"), and/or JOHN DOE (hereinafter referred to as "Defendants") are business entities having their principal place of business at 6959 Hechinger Drive, Springfield, Virginia 22151.

## Preliminary Background

6. ISM entered into a closed-circuit television license agreement to exhibit the closed-circuit November 15, 2011 telecast of "Peru v. Ecuador World Cup Qualifier game," including preliminary events (the soccer game and all related events are collectively referred to as the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout VIRGINIA (the "License Agreement"). ISM paid substantial fees for its license.

7. ISM entered into the License Agreement for the purpose of distributing for a commercial gain the closed-circuit broadcast of the Event to various business establishments throughout VIRGINIA.

8. The closed-circuit broadcast of the Event was not intended for the use of the general public. In VIRGINIA, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to do so by

ISM.

9. Pursuant to the License Agreement, ISM marketed and distributed the closed-circuit rights granted to it. ISM, through its agents, contracted with various establishments throughout VIRGINIA and granted to such establishments the right to broadcast the Event in exchange for a fee.

10. The transmission of the Event was electronically coded or "scrambled". In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

11. The transmission of the Event was available to the Defendants to purchase for broadcast in EL RANCHO. Had they done so, they would have been authorized to receive, transmit and publish the Event in EL RANCHO. Defendants did not, however, contract with ISM or any of its agents, to obtain the rights to broadcast the Event.

12. The establishments which contracted with ISM to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

13. On November 15, 2011, in violation of ISM's rights and federal and state law, the Defendants willfully intercepted and/or received the interstate communication of the Event. In the alternative, the Defendants assisted in the receipt of the interstate communication of the Event. The Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within EL RANCHO.

14. The Defendants misappropriated ISM's licensed exhibition of the Event and infringed upon ISM's exclusive rights while avoiding proper payment to ISM. Defendants'

actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

15. The Defendants enabled the patrons within EL RANCHO to view the Event to which neither the Defendants nor the patrons were entitled to do.

16. The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by ISM.

17. The Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

## COUNT I

## VIOLATION OF 47 U.S.C. § 553

18. ISM hereby incorporates the allegations set forth in Paragraphs 1 through 17 above as if the same were fully set forth and realleged herein.

19. The Communications Act of 1934, as amended, 47 U.S.C. § 553 ("Section 553") provides, in relevant part:

> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

47 U.S.C. § 553(a)(1).

20. The Defendants' wrongful actions in connection with the Event, as described above, were in violation of Section 553.

21. Section 553(c)(1) provides that "[a]ny person aggrieved by any violation of subsection (a)(1) of [§ 553] may bring a civil action in a United States district court" to recover

damages as described further in § 553(c).

22. ISM is a person aggrieved by Defendants' violations of Section 553, and it is therefore authorized to institute this action against the Defendants to recover damages from the Defendants for their violations of Section 553 and their interference with ISM's proprietary rights.

23. As a result of the Defendants' wrongful acts, ISM is entitled to the statutory damages provided for in Section 553.

24. Because of Defendants' wrongful actions, ISM is entitled to judgment against the Defendants for (a) statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 553(c)(3)(A)(ii); (b) statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to § 553(c)(3)(B); and (c) full costs, including reasonable attorney's fees, pursuant to § 553(c)(2)(C).

WHEREFORE, the Plaintiff, INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA, requests that this Court enter judgment, jointly and severally, against Defendants, PERUVIAN RESTAURANTS, INC., d/b/a EL RANCHO, and/or JOHN DOE, for:

    (a) Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 553(c)(3)(A)(ii);

    (b) Statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to § 553(c)(3)(B);

    (c) Full costs and expenses of this action, including reasonable attorney's fees, pursuant to § 553(c)(2)(C); and

    (d) Such other and further relief as the Court deems just and proper.

## COUNT II

## VIOLATION OF 47 U.S.C. § 605

25. The Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 24 of the Complaint.

26. The Communications Act of 1934, as amended, 47 U.S.C. § 605 ("Section 605"), provides in relevant part:

> . . . No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. . . .

47 U.S.C. § 605(a).

27. The Defendants' wrongful actions in connection with the Event, as described above, were in violation of Section 605.

28. Section 605(e)(3)(A) provides that "[a]ny person aggrieved by any violation of subsection (a) of this section...may bring a civil action in a United States district court..."

29. Section 605(d)(6) defines the term "any person aggrieved" as "any person with proprietary rights in the intercepted communication..."

30. By virtue of the License Agreement, ISM maintained proprietary rights in the intercepted communication of the Event. Therefore, ISM is an aggrieved person and is entitled to recover damages from the Defendants for their violation of Section 605 and their interference

with JJSP's proprietary rights.

31. As a result of the Defendants' wrongful acts, ISM is entitled to the statutory damages provided for in Section 605.

32. Because of Defendants' wrongful actions, JJSP is entitled to judgment against the Defendants for (a) statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to § 605(e)(3)(C)(i)(II); (b) statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00), pursuant to § 605(e)(3)(C)(ii); and (c) full costs, including reasonable attorney's fees, pursuant to § 605(e)(3)(B)(iii).

WHEREFORE, the Plaintiff, INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA, requests that this Court enter judgment, jointly and severally, against Defendants, PERUVIAN RESTAURANTS, INC., d/b/a EL RANCHO, and/or JOHN DOE, for:

(a) Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 605(e)(3)(C)(i)(II);

(b) Statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00) pursuant to § 605(e)(3)(C)(ii);

(c) Full costs and expenses of this action, including attorney's fees pursuant to § 605(e)(3)(B)(iii); and

(d) Such other and further relief as the Court deems just and proper.

Dated: November 4, 2013

BY: /s/ W. Brian McCann
W. Brian McCann, Esq. (VSB # 65712)
THE MCCANN LAW FIRM, PLLC
4114 E. Parham Road, Suite B
Henrico, Virginia 23228
Telephone: (804) 672-6100

Facsimile: (804) 672-6101
brian@themccannlawfirm.com

Counsel for INNOVATIVE SPORTS
MANAGEMENT, INC., d/b/a INTEGRATED
SPORTS MEDIA